## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **THOMAS E. PEREZ,** | : |
| Secretary of Labor, | : |
| United States Department of Labor, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| **HORIZON NR, LLC,** and **LANCE SOGAN** | : |
| as fiduciary of the **HORIZON NR, LLC** | : |
| **EMPLOYEE SAVINGS PLAN and** | : |
| **TRUST,** and the **HORIZON NR, LLC** | : |
| **EMPLOYEE SAVINGS PLAN and TRUST,** | : |
| | : |
| Defendants | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>COMPLAINT</u>

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

1.      This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, <u>et seq.</u>, and is brought by the Secretary under ERISA §§ 502(a)(2) and (a)(5), 29 U.S.C. §§ 1132(a)(2), (a)(5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and enforce the provisions of Title I of ERISA.

2.      This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

1

3.      The Horizon NR, LLC Employee Savings Plan and Trust ("the Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4.      The Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

5.      Venue of this action lies in the Eastern District of Kentucky pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Ashland, Boyd County, Kentucky, within this district.

<u>**DEFENDANTS AND OTHER PARTIES**</u>

6.      At all relevant times, Defendant Horizon Natural Resources Company, a/k/a Horizon NR, LLC and f/k/a AEI Resources Holding, Inc. ("Horizon") was incorporated in Delaware and was registered to conduct business in Kentucky.  Horizon was headquartered in Ashland, Kentucky and was in the coal mining industry.  Horizon sponsored the Horizon NR, LLC Employee Savings Plan and Trust ("the Plan").  On November 14, 2002, Horizon filed for Chapter 11 bankruptcy and ceased operating on September 28, 2004.  The bankruptcy was terminated on December 31, 2008.  Horizon was the Plan Administrator and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).  Horizon was also a party in interest to the Plan within the meaning of ERISA §§3 (14)(A) and (14)(C), 29 U.S.C. §§ 1002(14)(A) and (14)(C).

7.      At all relevant times, Fidelity Trust Management Company ("Fidelity") held the assets of the Plan and would receive direction from Horizon regarding Plan assets, specifically, from Caryn Merton ("Merton") and Defendant Lance Sogan ("Sogan").  Fidelity was a party in interest to the Plan within the meaning of ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

8.      At all relevant times, Defendant Sogan was the Vice President of Human Resources

2

and Administration at Horizon and was a designated authorized signer on the Plan accounts held at Fidelity.  Sogan had discretionary authority/responsibility in the administration of the Plan and was therefore a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). He was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. §1002(14)(A).

9.    At all relevant times, Merton was the Director of Benefits at Horizon and was a designated authorized signer on the Plan accounts held at Fidelity.  On January 7, 2015, Ms. Merton removed herself as a "contact, trustee, fiduciary, etc." of the Plan.   She was a party in interest to the Plan within the meaning of ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

## GENERAL ALLEGATIONS

10.    At all relevant times, Horizon was the Plan Sponsor and Plan Administrator. Horizon ceased operating on September 28, 2004.

11.    The Plan is a 401(k) profit sharing retirement plan with individual participant accounts.  A trust was established to hold and invest assets of the Plan for the exclusive benefit of the participants and their beneficiaries.  Fidelity holds the Plan's assets.

12.    On May 9, 2003, Horizon entered into a trust agreement with Fidelity, under which Fidelity agreed to act as a directed trustee and record-keeper for the Plan.

13.    Horizon designated Defendant Sogan and Merton in their corporate capacity with Horizon to act as authorized administrators of the Plan with Fidelity.  In these roles, Defendant Sogan and Merton were authorized to provide directions on behalf of the Plan to Fidelity.

14.    Defendant Sogan and Merton were the only individuals authorized to provide direction to Fidelity representatives in connection with the Plan.

3

15.     Defendant Sogan and Merton were the only individuals who had signature authority with Fidelity for the Plan.

16.     According to Fidelity, as of September 28, 2015, the Plan had 144 participant accounts and $2,296,818 in plan assets.

17.     The last Form 5500, Annual Return/Report of Employee Benefit Plan filed with the Department of Labor was for the Plan year ending 2003.  This form indicated that the Plan was administered in Ashland, Boyd County, Kentucky, within this district.

18.     According to the trust agreement with Fidelity, participants may request withdrawals from their Plan accounts by telephone or other electronic means. Fidelity verifies the requesting participant's identity by a PIN or social security number before processing any distribution.  However, when a beneficiary contacts Fidelity and requests a distribution from a Plan participant's account, Fidelity needs authorization from the Plan Sponsor before making such a distribution.

19.     After Horizon ceased operating in 2004, Merton continued to act as an authorized administrator for the Plan and assisted at least one beneficiary in obtaining a distribution in 2011.

20.     On January 7, 2015, Merton removed herself as a "contact, trustee, fiduciary, etc." of the Plan.

21.     Currently, beneficiaries of deceased participants have been unable to receive distributions from the Plan without the signature of Defendant Sogan.

22.     Defendant Sogan is unwilling to administer or terminate the Plan.

23.     Fidelity does not maintain records regarding Plan beneficiary information.

24.     The Plan has not been formally terminated.

4

## COUNT I

### Failure to Administer the Plan

25.      Paragraphs 1 through 24 above are realleged and incorporated herein by reference.

26.      Upon information and belief, from at least September 28, 2004, to the present, Defendant Sogan has not taken any fiduciary responsibility for the operation and administration of the Plan and its assets.

27.      Upon information and belief, from at least 2011 to the present, Defendant Horizon has not taken any fiduciary responsibility for the operation and administration of the Plan and its assets.

28.      By the conduct described in paragraphs 25 through 27 above, Defendants Sogan and Horizon:

a.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

c.      failed to discharge their duties with respect to the Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and

5

instruments governing the Plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A.      Removing Defendants Sogan and Horizon as fiduciaries of the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination, and the distribution of Plan assets to the participants and beneficiaries;

B.  Ordering Defendant Sogan to work with the independent fiduciary to find information relevant to the administration of the Plan.

C.      Ordering such further relief as is appropriate and just.

M. PATRICIA SMITH
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

/s/ Maureen M. Cafferkey____
MAUREEN M. CAFFERKEY
Senior Trial Attorney
(Ohio reg. no. 0031165)

U.S. Department of Labor
Office of Solicitor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
Phone: (216) 522-3872

Fax: (216) 522-7172
Email: cafferkey.maureen@dol.gov